SLIP OPINION

Cite as 2015 Ark. App. 708

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-348



|  |  |
|---|---|
| MICHAEL R. WOODWARD<br>APPELLANT<br><br>V.<br><br>ARKANSAS STATE POLICE<br>COMMISSION<br>APPELLEE | **Opinion Delivered** December 9, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION<br>[NO. 60CV-14-1873]<br><br>HONORABLE MORGAN E. WELCH, JUDGE<br><br>SUPPLEMENTAL ADDENDUM ORDERED |

## WAYMOND M. BROWN, Judge

Appellant Trooper First Class Michael Woodward was found in violation of the Arkansas State Police's (ASP) policy concerning arrests and search and seizures. As a result, a letter of reprimand was placed in his folder, he was transferred to Forrest City, and he was suspended without pay for five days by Colonel Stan Witt.[1] Appellant sought review from the Arkansas State Police Commission (Commission), which found that appellant's violation of the policy had been established by a preponderance of the evidence. The Commission upheld the disciplinary transfer and five days' suspension without pay. Additionally, the Commission imposed ten more days' suspension without pay. Appellant appealed this decision to the Pulaski County Circuit Court, which found that substantial evidence

---

[1]Director of the Arkansas State Police.

supported the Commission's findings that appellant violated the policy concerning arrests and search and seizures. The court also found that substantial evidence supported the Commission's disciplinary actions. Appellant timely appeals, arguing that (1) the Commission's decision that appellant violated the ASP policy concerning arrests was arbitrary and was not supported by substantial evidence, (2) the Commission's decision that appellant violated the ASP policy concerning search and seizures was not supported by substantial evidence, and (3) the finding by the Command Staff Review Board (CSRB) that appellant was evasive and not forthright with his answers when asked specific questions about the complaint is not substantial evidence. We do not reach the merits of this appeal due to deficiencies in the addendum.

Arkansas Supreme Court Rule 4-2(a)(8)[2] requires that the addendum to the appellant's brief contain copies of non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, understand the case, and decide the issues on appeal, including exhibits such as CDs and DVDs. Here, appellant has failed to include the video, played numerous times before the Commission and referenced by both parties in their arguments, in his addendum. A motion for joint stipulation, which was treated as a motion to supplement the record with the video, was granted by this court, and the record was supplemented on September 30, 2015. However, there was no attempt to supplement the addendum. Therefore, we direct appellant to file a supplemental addendum within seven

---

[2](2014).

SLIP OPINION

SLIP OPINION

calendar days of this opinion.[3]   We encourage counsel to review our rules, as well as the record and addenda, to ensure that no other deficiencies are present.

Supplemental addendum ordered.

GRUBER and VAUGHT, JJ., agree.

*M. Keith Wren*, for appellent.

*Leslie Rutledge*, Att'y Gen., by: *Meredith Blaise Rebsamen*, Ass't Att'y Gen., for appellee.

---

[3]Arkansas Supreme Court Rule 4–2(b)(4).